**Quintin G. Shammam, Esq. (SBN. 246926)**
**LAW OFFICES OF QUINTIN G. SHAMMAM**
2221 Camino Del Rio South, Ste. 207
San Diego, California 92108
Tel: (619) 444-0001
Fax: (619) 501-1119

Attorney for Plaintiff
NUJOUD NUHAILY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUJOUD NUHAILY, an individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>SFM-6, LLC., a Limited Liability Company, D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION, a California Corporation,<br><br>    Defendants. | Case No.: **'16CV2782 MMAJMA**<br><br>**Complaint for Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

-1-

COMPLAINT

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Nujoud Nuhaily, ("Plaintiff"), through her attorney, brings this action to challenge the actions of SFM-6, LLC and D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPRATION, (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendants do business within the State of California, County of San Diego, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

///**PARTIES**

11. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. § 1692a(3) and 1692k.

12. Defendant SFM-6, LLC is located in the City of Stanton and the State of California and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Defendant D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION ("Carruthers") is located in the City of Stanton and the State of California and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendants conducted business within the State of California.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

**COMPLAINT**

19. Sometime before July 2016, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and was therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a loan from Cashcall, Inc. ("Debt").

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

21. Before July 2016 Plaintiff allegedly fell behind in the payments allegedly owed on the alleged Debt. Plaintiff currently takes no position as to the validity of this alleged Debt.

22. Subsequently, but before August 1, 2016, the alleged Debt was assigned, placed, or otherwise transferred, to Defendants for collection.

23. On or about August 8, 2016, Kathy from the office of Carruthers called Plaintiff at the place of her employment. During this call, Kathy stated that Plaintiff owed Defendants a debt and a judgment had been obtained against Plaintiff. Kathy also stated if payment arrangements were not made that day, Defendants would garnish 25% of Plaintiff's wages. Plaintiff gave Kathy her banking information with the understanding that no funds would be withdrawn without Plaintiff's consent. Plaintiff subsequently closed her bank account.

24. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

25. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

26. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

27. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

28. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

29. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

30. On or about August 19, 2016, Plaintiff received a Receipt of Payment and Reminder letter, a copy of which is attached as exhibit "A" and incorporated herein by this reference. The letter shows a payment of $125.00 was made and a subsequent payment would be due on 8/26/2016. Plaintiff never authorized these payments.

31. On September 6, 2016 at approximately 5:46 p.m., Kathy called Plaintiff and left her a message to call her back. At approximately 6:03 p.m., Plaintiff called Kathy back and spoke to her. In that conversation Kathy stated that Plaintiff gave a bounced check that needs to be replaced. Kathy stated that Plaintiff is getting sued and she "needs to make it work." Kathy further stated the Debt had been sold to an attorney and Plaintiff needed to make a payment that day. Kathy demanded Plaintiff give her Plaintiff's bank account number or debit card number. Plaintiff hung up on Kathy.

32. No lawsuit has been filed against Plaintiff by Defendant.

33. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

35. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. As a result of Defendants' actions, concentrated in a short amount of time, Plaintiff was overwhelmed and suffered a great deal of mental anguish in the form of sleeplessness, restlessness, irritability, headaches, digestive disorders, chest pains, feelings of

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-5-

**COMPLAINT**

hopelessness, pessimism, guilt, helplessness, embarrassment, humiliation, depression, sadness, fear of answering the telephone or door, all negatively impacting her work and personal relationships.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

38. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

## CAL. CIV. CODE §§ 1788-1788.32

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

-6-

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30( c);
- Special, general, compensatory and punitive damages;
- For such other relief as may be just and proper.

Dated:   11/11/2016          By:     s/ Quintin G. Shammam
                                          Quintin G. Shammam, Attorney for Plaintiff
                                          NUJOUD NUHAILY