D. Scott Carruthers, SBN 68745
John Marshall, SBN 172470
D. Scott Carruthers, APLC
8448 Katella Avenue/PO Box 228
Stanton, California 90680
Email: dsclawoff@aol.com
Telephone: (714) 761-3976
Fax: (714) 761-1754

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUJOUD NUHAILY, an individual, | CASE - 16-cv-02782-MMA-JMA |
| Plaintiff, | |
| vs. | ANSWER TO COMPLAINT |
| SFM-6, LLC, a Limited Liability Company; D. SCOTT CARRUTHERS, A Professional Law Corporation, a California Corporation, | |
| Defendants. | |

**COMES NOW** Defendants, by and through their attorney of record, and do hereby answer the Complaint of Plaintiff as follows:

1. As to Paragraphs 1-11, 14-17, and 19-44 of the Complaint, Defendants lack sufficient knowledge or belief as to the truth of the allegations and, on that basis, denies the allegations therein.

2. As to Paragraph 12-13, and 18, Defendants admit the allegations therein.

//
//

3. As to the Prayer for Relief, Defendants are not required to respond to same; however, to the extent Plaintiff's Prayer for relief asserts allegations, Defendants deny each and every allegation therein.

## **AFFIRMATIVE DEFENSES**

1. The Complaint and each of its claims alleged therein do not state facts sufficient to constitute a claim against Defendants upon which relief may be granted.
2. Any recovery against Defendants, if any, must be reduced to the extent Plaintiff has failed to mitigate, minimize or avoid damages for which recovery is sought herein.
3. Plaintiff's claims against Defendants may be barred or limited, in whole or in part, by the doctrine of waiver, unclean hands, laches and/or estoppel.
4. Plaintiff's causes of action are barred by the doctrine of consent or by virtue of the fact that Plaintiff willingly and knowingly communicated with Defendants.
5. Plaintiff's causes of action are barred by the application statutes of limitation.
6. Plaintiff's causes of action are barred by accord and satisfaction.
7. Plaintiff's causes of action are barred by the doctrine of release.
8. Any recovery against Defendants, if any, must be reduced to the extent Plaintiff owed money which was the basis of the debt being collected.
9. Plaintiff's causes of action are barred against Defendants due to a good faith belief in the validity of the claims and/or actions asserted and/or taken with respect to Plaintiff.

ANSWER TO COMPLAINT

- 2 -

10. The alleged actions of Defendants were proper and did not violate any provision of 15 U.S.C. § 1692 et seq.

11. The alleged actions of the Defendants were proper and did not violate any provision of the California Rosenthal Act, California Civil Code § 1788 et seq.

12. At all times mentioned in the Complaint, Defendants acted lawfully and within legal rights with a good faith belief in the exercise of the right, and in furtherance of a legitimate business purpose.

13. Defendants acted in good faith in the honest belief that the acts, conduct and communications if any of Defendant were justified under the circumstances based upon information reasonably available.

14. Assuming arguendo that Defendants violated a statute alleged in the Complaint, which proposition Defendants deny, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

15. At all times mentioned in the Complaint, Defendants maintained reasonable procedures created to prevent any type of violations of the statutes identified in the Complaint.

16. The alleged actions of Defendants were not accompanied by actual malice, intent to harm or injure and/or ill will to or toward Plaintiff.

17. Defendants alleges that if Plaintiff, was damaged in any sum or the sum alleged Plaintiff's damages, is limited by and to those provided for by U.S.C. § 1692k(a), and each of its sub-parts.

18. Any damages suffered by Plaintiff, were caused by or contributed to by the conduct of Plaintiff's and/or their agents, servants, employees, or representatives, and therefore Plaintiff's claims for damages, if any, which is expressly denied, are barred by or must be reduced by the percentage of fault attributable to Plaintiff.

19. Any injury or damage suffered or sustained by Plaintiff, or each of them, was in whole or in part proximately caused by persons or entities other than Defendants.
20. Plaintiff's damages, if any, was cause by intervening and/or supervening causes, and were not caused by Defendants.
21. Any liability of Defendants, which is expressly denied, is solely vicarious, imputed, or imposed by law. Plaintiff's damages, if any, which are expressly denied, must be reduced by the percentage of fault attributable to the acts or omissions of all other persons, whether or not such persons are parties.
22. Plaintiff's claims are barred or reduced by the doctrine of offset.
23. Defendants allege that if Plaintiff, was damaged in any sum or the sums alleged, Plaintiff's damages, are limited by those in California Civil Code § 1788.30(a) and § 1788.30(b).
24. Defendants reserve the right to allege and assert any and all additional and/or further affirmative defenses as become apparent to Defendants during the course of this litigation.

**WHEREFORE** Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That Defendants be awarded costs as allowed by law;
3. For such other and further relief as the Court deems proper.

Dated:  November 30, 2016

*/s/ D. Scott Carruthers*
By: _____
D. Scott Carruthers, Esq.
Attorneys for Defendants

ANSWER TO COMPLAINT

- 4 -

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 8448 Katella Avenue/PO Box 228 Stanton, California 90680. On the signature date set forth below, I served the within document(s):

**ANSWER TO COMPLAINT**

☐   FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

☒   ELECTRONIC OR USPS MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid in the United States mail as set forth below on this date; OR electronically to those defendants agreeing to same or pursuant to court rules.

| | |
|---|---|
| Quintin G. Shammam, Esq.<br>2221 Camino Del Rio South, Suite 207<br>San Diego, CA 92018 | Attorneys for Plaintiff |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made and I declare under the laws of the United States of America that the above is true and correct. Executed on November 30, 2016, at Stanton, California.

*John Marshall*
―――――――――――――――――
John Marshall

ANSWER TO COMPLAINT